Before the Second Division, August 8, 1963

**No. 67918.**—Toyomenka, Inc. *v.* United States, protests 59/16381(C) and 59/26688 (New York).

Ford, Judge: The merchandise covered by the protests listed in schedule "A," annexed hereto and made a part hereof, consolidated for the purpose of trial, consists of ladies' cotton blouses, designated on the invoices as styles 9291, 9291A, and 9291B, which were classified by the collector of customs as wearing apparel in part of trimming under the provisions of paragraph 1529(a) of the Tariff Act of 1930, as modified by 86 Treas. Dec. 121, T.D. 52739, and assessed with duty at the rate of 45 per centum ad valorem.

It is the position of plaintiff herein that said cotton blouses are not trimmed and are claimed to be properly dutiable at the rate of 20 per centum ad valorem under the provisions of paragraph 919 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, as clothing and articles of wearing apparel of every description, manufactured

wholly or in part, wholly or in chief value of cotton, and not specially provided for.

The pertinent portions of the statutory provisions are as follows:

Articles provided for in subdivision 29_____ 45% ad val.

Note: * * *

Each reference in any item 1529(a) in this part to a numbered subdivision is to the indicated subdivision of the matter representing paragraph 1529(a), Tariff Act of 1930, as modified, in the publication of the United States Tariff Commission entitled "UNITED STATES IMPORT DUTIES (1950)" on the day this supplemental schedule is authenticated.

* * * * * * *

United States Tariff Commission publication, entitled "UNITED STATES IMPORT DUTIES (1950)," subdivision 29 of paragraph 1529(a):

Articles wholly or in part of any material provided for in subdivision 10 or 12, but not in part of lace, lace fabrics, or lace articles, not ornamented, and not provided for in subdivision 16 or 22.

United States Import Duties (1950), *supra*, subdivision 12 of paragraph 1529(a):

Neck rufflings, flutings, quillings, ruchings, tuckings, trimmings,
    gimps, and ornaments_____ 50% ad val.

Subdivisions 16 and 22 of paragraph 1529(a) of United States Import Duties, *supra*, relate to articles, other than wearing apparel, and fabrics and articles in chief value of burnt-out laces, respectively.

Paragraph 919 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802:

Clothing and articles of wearing apparel of every description, manufactured wholly or in part, wholly or in chief value of cotton, and not specially provided for:

* * * * * * *
    Other_____ 20% ad val.

The record consists of the testimony of three witnesses, called on behalf of plaintiff, a sample of the imported blouse, received in evidence as plaintiff's exhibit 1, and a number of illustrative exhibits, as well as a stipulation orally agreed to at the trial of this matter, which provides as follows:

It is hereby stipulated and agreed by and between the attorneys for the parties herein, subject to the approval of the Court, as to the merchandise covered by the protests enumerated in the attached Schedule of Protests, as follows:

1. That the merchandise consists of ladies' blouses, wholly or in chief value of cotton, staple less than 1⅛ inches in length.

2. That the attached item marked Plaintiff's Exhibit #1 is a sample of the blouses here in issue, and is offered in evidence by the plaintiff, without objection by the defendant.

3. That the blouses here in issue were imported by the plaintiff under the entries described in the protests enumerated in the attached Schedule of Protests, and that the said blouses were designated in the invoices as Styles 9291, 9291A and 9291B, and that the said styles are marked "A" in the attached invoices.

4. That the said cotton blouses were classified by the Collector of Customs under the provisions of paragraph 1529(a) of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as wearing apparel in part of trimming, and were assessed with duty at the rate of 45 per centum ad valorem.

5. That the said blouses were classified as in part of trimming because of those features on the front of each blouse marked with an "X" on Exhibit #1.

6. That the sole basis for the Collector's classification of the said blouses under paragraph 1529 of the Tariff Act of 1930 is the overlaying strips marked "X" on Plaintiff's Exhibit #1, which the Collector of Customs considers to be a trimming, as used on these blouses.

7. That if the said blouses were imported without the said features on the front of each blouse marked "X" on Plaintiff's Exhibit #1, they would be complete blouses, dutiable at the rate of 20 per centum ad valorem as clothing and articles of wearing apparel of every description, manufactured wholly or in part, wholly or in chief value of cotton, and not specially provided for, under the provisions of paragraph 919 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802.

8. That these overlaying strips, marked "X" on Plaintiff's Exhibit #1, are made from broad woven cotton cloth, identical with the fabric from which the balance of the blouse is made; and that the said overlaying strips are not made from fabrics with fast edges, not exceeding twelve inches in width, nor from articles made therefrom, nor are they made from narrow woven fabrics.

9. That these overlaying strips, if imported by themselves, would not be classified as a trimming, nor as any of the articles enumerated in paragraph 1529 of the Tariff Act.

So far as is pertinent herein the testimony of the witness called on behalf of plaintiff was to the effect that they did not consider plaintiff's exhibit 1, the imported article, to be a trimmed blouse, although they did admit that the portions marked with an "X" did enhance the desirability of the blouse in the eyes of the consumer. For reasons indicated, *infra*, we deem it unnecessary to review a large portion of the testimony relating to various types of trimming covered by the illustrative exhibits.

It is to be noted that, by paragraph 8 of the stipulation, it was agreed by the parties that the overlaying strips marked "X" of plaintiff's exhibit 1 are made from broad woven cotton cloth identical to the fabric from which the balance of the blouse is made. It is also to be noted that, under paragraph 5 of the stipulation, the parties have agreed that the classification under paragraph 1529(a), *supra*, resulted solely because of the features marked "X" on plaintiff's exhibit 1.

In a similar case, *Starlight Trading, Inc.* v. *United States*, 45 Cust. Ct. 30, C.D. 2192, certain ladies' cotton blouses were also classified in part of trimming under paragraph 1529(a), as modified, *supra*, by virtue of certain appendages, made of the same material as the blouse, and were held not to be trimmed, although it was found that said appendages did add style and enhance the appearance of the blouses involved therein. We held therein that trimmings within the purview of paragraph 1529(a) related to products of the narrow wares loom and made the following observations:

We have reviewed various dictionary definitions of the word "trimmings," but do not find them to be sufficiently specific to be helpful here. However, both the Summaries of Tariff Information of 1929 and 1948 provide definitions of the word in issue which we regard as more illuminating. These read as follows:

Summaries of Tariff Information (1948), volume 15, part 5, page 48:

Trimming.—Narrow fabric used to trim or edge garments or upholstery; may be woven, braided, knit, or of lace or embroidery.

Summary of Tariff Information (1929), page 2026:

* * * Trimmings are narrow goods used to trim or edge garments or upholstery; they may be woven goods, or braid, or lace. * * *

The testimony of the witness herein that the portion of exhibit 1, which is marked with an "X" reinforces the shoulder, and his testimony relative to the portion of exhibit 2, similarly marked as part of the collar, does not seem to be particularly convincing, especially in view of our own examination of the samples which, by virtue of established law, have potent evidentiary value. We find that the appendages in each exhibit to which the witness alluded unquestionably add style and enhance the appearance of the blouses. However, whether this conclusion characterizes these features as trimmings may well be doubted, in view of the following discussion of the term in the case of *United States* v. *Blefeld & Goodfriend*, 24 C.C.P.A. (Customs) 213, T.D. 48658:

> * * * The term *trimmings* is found in this paragraph, and that it there has a definite meaning which is not broad enough to include everything that trims something is too clear to admit of serious controversy. Trimmings are narrow textile goods and are used in trimming wearing apparel and upholstery. (See Tariff Information, cited *infra*.)

The Tariff Commission, when it prepared the Summary of Tariff Information, 1929 (see Vol. 2, pp. 2025 *et seq.*), with respect to paragraph 1430, Tariff Act of 1922, which, so far as the issues here are concerned, is identical with paragraph 1529 of the Tariff Act of 1930, devoted much space to a discussion of things provided for in said paragraph 1430. It there called attention to the fact that the paragraph included lace braid, embroidery, and other textile articles, defined "trimmings," "veiling," "netting," "edging," "neck ruffling," and other terms, and made the following statement concerning "ornaments" and "trimmings":

> Ornaments include motifs or patterns, also, by Treasury decisions, artificial flowers, for attaching or apliquéing [*sic*] to a fabric for ornamentation. Trimmings are narrow goods used to trim or edge garments or upholstery; they may be woven goods, or braid, or lace. * * *

Following the principles enunciated in the *Blefeld & Goodfriend* case, *supra*, it is apparent that even though the appearance of the exhibits has been enhanced by the additional appendages, they are not in part of "trimmings" within the contemplation of paragraph 1529, since every thing which trims is not necessarily "trimmings." In the sense in which Congress used the term, it was intended to embrace narrow fabrics only.

The court thereafter reviewed the information contained in the Summary of Tariff Information, 1929 and 1921, relating to the narrow woven fabrics provision contained in the present tariff act and the Tariff Act of 1922, respectively.

Based upon all of the foregoing information, the court then concluded that the blouses involved therein were not trimmed, since the added pieces of fabric were not the product of narrow wares looms.

Similarly, in the case at bar, we are of the opinion, that the blouses are not trimmed. The decision in the *Starlight Trading, Inc.*, case, *supra*, is deemed controlling. The claim in the protest that said merchandise is properly subject to duty at the rate of 20 per centum ad valorem, under the provisions of paragraph 919 of the Tariff Act of 1930, as modified, *supra*, as "Clothing and articles of wearing apparel of every description, * * * wholly or in chief value of cotton * * *," is sustained. All other claims in the protests are overruled.

Judgment will be rendered accordingly.