BEFORE THE SECOND DIVISION, JANUARY 27, 1966

No. 69760.—Starlight Trading, Inc., et al. *v.* United States, protests 62/16926, etc. (New York).

FORD, Judge: The cases listed in schedule "A," annexed hereto and made a part hereof, consolidated for the purpose of trial, bring before the court the correctness of the classification of the collector of customs of certain cotton blouses under the provisions of paragraph 1529(a) of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as articles in part of trimming and the consequent assessment of duty thereon at the rate of 45 per centum ad valorem.

It is the position of plaintiffs herein that said blouses are not trimmed and are, therefore, properly subject to duty at the rate of 20 per centum ad valorem under the provisions of paragraph 919 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, as "other" clothing and articles of wearing apparel, manufactured wholly or in part, wholly or in chief value of cotton, and not specially provided for.

The pertinent portions of the statutes involved herein provide as follows:

Paragraph 1529(a) of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739:

Articles provided for in subdivision 29 _____ 45% ad val.

NOTE: * * *

Each reference in any item 1529 (a) in this part to a numbered subdivision is to the indicated subdivision of the matter representing paragraph 1529(a), Tariff Act of 1930, as modified in the publication of the United States Tariff Commission entitled "UNITED STATES IMPORT DUTIES (1950)" on the day this supplemental schedule is authenticated.

\* \* \* \* \* \* \*

United States Tariff Commission publication, entitled "UNITED STATES IMPORT DUTIES (1950)," subdivision 29 of paragraph 1529 (a) :

Articles wholly or in part of any material provided for in subdivision 10 or 12, but not in part of lace, lace fabrics, or lace articles, not ornamented * * *, and not provided for in subdivision 16 or 22.

United States Import Duties (1950), *supra*, subdivision 12 of paragraph 1529(a) :

Neck rufflings, flutings, quillings, ruchings, tuckings, trimmings, gimps, and ornaments_____ 50% ad val.

Subdivisions 16 and 22 of paragraph 1529(a) of United States Import Duties, *supra*, relate to articles, other than wearing apparel, and fabrics and articles in chief value of burnt-out laces, respectively.

Paragraph 919 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802:

Clothing and articles of wearing apparel of every description, manufactured wholly or in part, wholly or in chief value of cotton, and not specially provided for:

\* \* \* \* \* \* \*

Other _____ 20% ad val.

The records in the case of *Starlight Trading, Inc.* v. *United States*, 45 Cust. Ct. 30, C.D. 2192, and *Same* v. *Same*, 54 Cust. Ct. 398, Abstract 69253, were incorporated and made part of the record herein. By virtue of the incorporation of the first *Starlight* case, C.D. 2192, *supra*, which contained 6 exhibits, the exhibits in this case commence with plaintiff's exhibit 7, which represents style No. 030, plaintiff's exhibit 8 represents style No. 052 SS, exhibit 9 represents blouses described as style No. 038, plaintiff's illustrative exhibit 10 is a photocopy and illustration of a blouse and is descriptive of style No. SS 137.

Mr. Alex Skurnick was called on behalf of plaintiff and stated that he had previously testified in the original *Starlight* case, C.D. 2192. The witness, after identifying the exhibits, *supra*, testified that the portions marked "X" on exhibits 7 through 10 were yokes, which decorate a blouse in the same sense as a collar would decorate a blouse; that the portions marked "X" on plaintiff's exhibits 7 through 10 do

not ornament the blouse but do give it a finished appearance and do embellish the blouse; that it is not ornamentation since a yoke is not ornamentation unless it has been tucked, fagoted, or had rhinestones, beading, embroidery, or some other type of the hundreds of different kinds of ornaments placed on it; that if the yoke is cut from the same cloth and sewn together as a part of the blouse, it would not be considered an ornamentation.

On questioning by the court, the witness attempted to distinguish between ornamentation and decoration, and testified 11 buttons on a blouse would ornament it more than 5 buttons; that it is considered styling; that a yoke likewise is a form of styling in the same manner as a sleeveless blouse is a form of styling; that the portion marked "X" has a button on it, does not, in his opinion, ornament it since the button has the purpose of holding the yoke down; that if in addition to the one button utilized to hold the yoke down, there were six or eight different colored buttons, it is conceivable that this might fall within the field of ornamentation.

The witness further testified that ornamentation is something strictly made to ornament a certain blouse, skirt, or dress, and that styling is a variation of manufactured products in order to appeal to the public; that it is possible that styling may ornament; that if the yoke, marked "X" on exhibits 7 through 10, were bordered with embroidery, the witness would consider them to ornamented blouses; that if the yoke, marked "X," were attached by zigzag stitches on it, he would not consider it trimming nor ornamentation, since it would be set there to serve the useful function of reenforcement of the shoulder.

Examination of the merchandise involved herein, exhibits 7 through 10, discloses a striking resemblance, if not the identical style, to exhibit 1 in the incorporated *Starlight case*, C.D. 2192, *supra*. There are, however, two exceptions which, in our opinion, would not make for a distinction in arriving at the conclusion on the issues herein, since they all have identical yokes, marked "X." Exhibit 8 has only 9 pearl buttons instead of the 11 buttons contained on exhibit 1. Exhibit 10 is depicted as having short sleeves, while exhibits 7 through 9 are sleeveless. With the exception of the pattern of the cloth, exhibit 10 would appear to be identical to exhibit 1 of the incorporated case which also has short sleeves.

Based upon this observation and the oft-quoted principle that a sample is a potent witness, as well as the record made herein, we are of the opinion that our decision in C.D. 2192 would be deemed as controlling in this case. In our opinion, in the *Starlight* case, C.D. 2192, *supra*, as is the fact here, commercial designation was not in issue and, therefore, the tariff terms describing the merchandise were

considered in accordance with their common meaning. Common meaning is a matter of law and, in determining such meaning, the court may consider as an aid in its determination the Summaries of Tariff Information prepared by the United States Tariff Commission.

In C.D. 2192, *supra*, we considered the information contained in the Summaries of Tariff Information, as well as certain statements made in *United States* v. *Blefeld & Goodfriend*, 24 CCPA 213, T.D. 48658, to the effect that trimmings were narrow textile goods which are used for trimming wearing apparel or upholstery. This was further amplified by reference to the information contained in the 1929 and 1921 Summaries of Tariff Information covering paragraphs 913 and 912, respectively. The information contained therein was indicative of the fact that such articles covered by these paragraphs were products of narrow-ware looms. Defendant contends, and rightly so, that, since the trimmings provided for in paragraph 1529(a) may be woven, braided, knit, or of lace or embroidery, such references to said paragraphs 913 and 912, *supra*, are not applicable to the trimmings referred to in paragraph 1529(a), *supra*.

Our quotation in C.D. 2192, *supra*, relative to products of narrow-ware looms, was not intended to limit the provision of paragraph 1529(a) to narrow woven articles, but was merely utilized as illustrative of woven fabric used for trimming. This information was quoted since the fabric involved in C.D. 2192, *supra*, as in the instant case, was woven and not braided or knit, nor was it composed of lace or embroidery. This is not to say that all trimmings which are woven must be a product of a narrow-ware loom, since what is done with the so-called "trimming" is also of great importance.

The record establishes, if the yokes were tucked, fagoted, or contained rhinestones, beadings, or embroidery, or any of the hundreds of ornamental articles, the witness would consider the blouses to be ornamented.

Nevertheless, based upon the record and an examination of the samples, exhibits 7 through 10, we are of the opinion that said blouses are not in part of trimming. While the yokes may enhance the appearance and add style to the blouses, they are not trimmings. The claim in the protests that said blouses are properly subject to classification under the provisions of paragraph 919, *supra*, is sustained as to item Nos. 030, 052 SS, 038, and SS 137.

Judgment will enter accordingly.