(C.D. 3867)

MISS PAT FASHIONS, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided July 15, 1969)

*Barnes, Richardson & Colburn* (*E. Thomas Honey* of counsel) for the plaintiff.
*William D. Ruckelshaus,* Assistant Attorney General (*Steven R. Sosnov* and *Velta A. Melnbrencis* trial attorneys), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The cases listed in schedule "A", annexed hereto and made a part hereof, consolidated for the purpose of trial, challenge

the action of the collector of customs in assessing duty on certain blouses at the rate of 45 per centum ad valorem under the provisions of paragraph 1529(a), Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739. The blouses designated G.H. 101 were considered to be in part of trimming. The blouses designated as G.H. 202, those of which are contested,* were considered to be in part tucking.

Plaintiff herein contends both styles are properly subject to duty at only 20 per centum ad valorem under the provisions of paragraph 919, Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802.

The pertinent portions of the statute involved herein read as follows:

Paragraph 1529(a) of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739:

> Articles provided for in subdivision 29_____ 45% ad val.
> NOTE [this is part of T.D. 52739] :   * * *

> Each reference in any item 1529(a) in this part to a numbered subdivision is to the indicated subdivision of the matter representing paragraph 1529(a), Tariff Act of 1930, as modified, in the publication of the United States Tariff Commission entitled "UNITED STATES IMPORT DUTIES (1950)" on the day this supplemental schedule is authenticated.

Subdivision 29 of paragraph 1529(a) of the *United States Import Duties* (1950) states:

> Articles wholly or in part of any material provided for in subdivision 10 or 12, but not in part of lace, lace fabrics, or lace articles, not ornamental, and not provided for in subdivision 16 or 22.

Subdivision 12 of paragraph 1529(a) of the *United States Import Duties* (1950) states:

> Neck rufflings, flutings, quillings, ruchings, tuckings, trimmings, gimps, and ornaments.

Note that subdivisions 16 and 22 deal with subjects other than wearing apparel.

Paragraph 919 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802:

> Clothing and articles of wearing apparel of every description, manufactured wholly or in part, wholly or in chief value of cotton, and not specially provided for:
>
> *     *     *     *     *     *     *
> Other _____ 20% ad val.

---

*Certain of the blouses designated as G.H. 202 are not contested as they were classified as claimed.

The record in this case consists of the testimony of two witnesses, one on behalf of each party and six exhibits received on behalf of plaintiff.

Plaintiff's illustrative exhibits 1 and 2 were made up for the trial of this case and were to the best of the recollection of the witness, called on behalf of plaintiff, representative of styles G.H. 101, and G.H. 202. Plaintiff's illustrative exhibit 3 is a sketch of style G.H. 202. It subsequently developed by virtue of the testimony of James Maher, who was the examiner of the merchandise at the time of importation, that neither exhibit represented the items involved.

At the second hearing, plaintiff offered into evidence a blouse as plaintiff's exhibit 4, which had been made up for the trial. Mr. Maher agreed plaintiff's exhibit 4 was representative of style G.H. 202 in entry 920712 of protest 60/11372, and in entry 700317 of protest 60/12534. The blouse received as plaintiff's exhibit 5 was agreed by Mr. Maher to be representative of style G.H. 101 in entry 920712 of protest 60/11372 and entry 702538 of protest 315026–K and entry 711656 of protest 60/12533. As to entry 717394 of protest 60/12533, the witness was not sure if exhibit 5 represents style G.H. 101. The witness stated that style G.H. 101 varied and the merchandise covered by entry 724794 covered by protest 60/11373 is not the same as plaintiff's exhibit 5.

Plaintiff's illustrative exhibit 6 was received in evidence as representative of a tucked blouse. The blouses involved, exhibits 4 and 5, were marked in red with an "X" on the portions of the blouses which made them "in part of trimming" or "in part tucking." The portion marked "X" on exhibit 4 consists, according to Mr. Maher, of a sewed-down pleat having no utilitarian purpose and was in his opinion tucking. The portion of exhibit 5 marked "X" consists of two triangular pieces of the same material sewed on both sides of the front of the blouse which served no utilitarian purpose and was in his opinion trimming.

The witness called on behalf of plaintiff, Mr. Skurnick, the designer of the involved blouses who has been in this business for 30 years, did not agree that exhibit 4 was in part tucking since tucking requires parallel lines of stitching that form a pattern. Exhibit 4 is merely a single stitched-down pleat which does not form a pattern. Tucks are made by special tucking machines or could be made at the time of weaving.

Based upon the record and the dispute over the samples, it appears that there is no evidence relative to the following:

Style G.H. 101      Entry 724794      Protest 60/11373
Style G.H. 101      Entry 732786      Protest 60/11374

Style G.H. 101      Entry 717394      Protest 60/12533
Style G.H. 101      Entry 739343      Protest 60/12533
Style G.H. 202      Entry 717394      Protest 60/12533

Since there is insufficient evidence to overcome the presumption of correctness attaching to the above entries the protests insofar as indicated are overruled.

As to the merchandise identified [1] and found to be the same as plaintiff's exhibit 4, we have before us on the merits the question of whether it is in part tucking. The question of commercial designation is not involved in either the question of tucking or trimming. Accordingly, the tariff description is deemed to be the common meaning of the term. Such meaning is a question of law and not an issue of fact. Accordingly, the court is not bound by the testimony of witnesses but may consider as an aid to its determination dictionaries and other authoritative sources such as the Summaries of Tariff Information.

The Summaries of Tariff Information, 1948, volume 15, defines tuckings as:

> A textile fabric having parallel rows of tucks made in the process of manufacture or formed by sewing. Tucking is used as fronts for men's dress shirts, and for various articles of women's apparel.

Webster's New International Dictionary, 2d edition (1957), defines tuck as:

> tuck n.   1.   act or instance of tucking; also, something formed by tucking; specif., a fold made, as in a garment, either in a cluster, as for decoration, or singly, as for shortening, and secured by stitching.

In our opinion after examination of exhibit 4, and the above definitions, we find the portion marked "X" on said exhibit does not conform to the common meaning of the term tucking. This is so since said portion marked "X" is not in a cluster nor is it used for shortening the garment. Defendant's own witness did feel it was a stitched-down pleat.

Funk & Wagnalls Standard Dictionary, 1963, has the following definition of pleat:

> pleat n.   A fold of cloth doubled on itself and pressed or sewn in place.

This definition more aptly describes the portion of exhibit 4 marked with an "X" and accordingly, we find the claim of plaintiff under the provisions of paragraph 919, *supra*, to more properly cover the merchandise. The protests covering the merchandise, as indicated,

---

[1]   Protest 60/11372—entry 920712
    Protest 60/12534—entry 700317

*supra*, are therefore sustained. All other protests covering style G.H. 202, which was not identified as being similar to exhibit 4 are overruled.

The merchandise before the court which is the same as exhibit 5,[2] and classified as being in part trimming, style G.H. 101, is next considered. The blouses before the court contain two triangular pieces of the same material as the blouse both of which are sewed on each side of the front of the blouse. So in effect we have four triangular pieces, two on each side of the front of the blouse. They are attached at a seam running the length of the blouse with one triangle pointing to the right and the other to the left with one corner of each triangle meeting.

The question of whether or not an article is in part of trimming within the purview of paragraph 1529(a), *supra*, has been before this court on numerous occasions. *United States* v. *Blefeld & Goodfriend*, 24 CCPA 213, T.D. 48658 (1936) ; *United States* v. *Hochschild, Kohn & Co.*, 31 CCPA 98, C.A.D. 255 (1943) ; *Starlight Trading, Inc.* v. *United States*, 45 Cust. Ct. 30, C.D. 2192 (1960) ; *Toyomenka, Inc.* v. *United States*, 51 Cust. Ct. 178, Abstract 67918; *Starlight Trading, Inc.* v. *United States*, 54 Cust. Ct. 398, Abstract 69253 (1965) ; *Starlight Trading, Inc., et al.* v. *United States*, 56 Cust. Ct. 851, Abstract 69760 (1966).

The most recent opinion of this court is the case of *Marubeni Iida (America), Inc.* v. *United States*, 62 Cust. Ct. 640, C.D. 3839, which involved cotton corduroy coveralls for children. The article therein had an appendage of the same material approximately one inch wide which ran across the width of the front of the garment. We concluded therein that although the appendage served no functional purpose it was nevertheless not trimming and made the following statement:

> * * * We see no real distinction between the collars or appendages in the *Starlight* case, C.D. 2192, and those involved herein. Neither served a utilitarian purpose but did "style" the article or enhance its appearance. We are of the opinion that so-called trimming made of the same material is not in and of itself trimming within the purview of paragraph 1529(a), *supra*. * * *

Following this rationale, we are of the opinion that the blouses which have been identified as being representative of plaintiff's exhibit 5 are not in part of trimming. To this extent the protests are sustained. All other protests covering style G.H. 101, which was not identified as being similar to exhibit 5, are overruled.

Judgment will be entered accordingly.

[2]  60/11372—entry 920712
315026–K—entry 702538
60/12533—entry 711656